KEARSE, Circuit Judge,
dissenting in part:
I respectfully dissent from so much of the majority’s opinion as rules that the imprisonment component of the sentence imposed on defendant Joseph Jenkins, within the applicable Guidelines range, is substantively unreasonable.
As is revealed in the summary order filed contemporaneously in this case, the district court in sentencing Jenkins did not commit any procedural error. Where we have determined “ ‘that the district court’s sentencing decision is procedurally sound,’ ” United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (quoting Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)), we reverse on the basis of substantive unreasonableness only if the sentence “cannot be located within the range of permissible decisions,” Cavera, 550 F.3d at 189 (internal quotation marks omitted).
In sentencing Jenkins to, imprisonment for 225 months — within the Guidelines range (which was either 210-262 months if the district court chose to impose the sentences consecutively or 210-240 months if it did not (240 months being the statutory maximum on one count)) — the district court stated that it was imposing “a sentence that reflects the seriousness of your crime, that promotes respect for the law, and that provides you with adequate deterrence from committing further crimes, and that protects* the public.” (Sentencing Transcript (“S.Tr.”) 30.) In stating that it found “this sentence [to be] sufficient but not greater than necessary to comply with the purposes of sentencing” (S.Tr. 29), the court was heavily influenced by its view that, without a lengthy prison term, Jenkins would be likely to repeat his offenses. It said, inter alia:
I couldn’t disagree with your attorney more when she says that you’re not a threat to commit this crime again. You’ve demonstrated that you have a total lack of respect for the law and disdain for the law. That[ is,] in the Court’s view it is without question that, if given the opportunity, you will do exactly what you want to do in any situation and you are a very high risk to reoffend.
(S.Tr. 29-30 (emphasis added).) This view is supported by, inter alia, Jenkins’ evasion of the charges against him in Canada and his repeated insistence throughout this prosecution that he had done nothing wrong and could not validly be prosecuted. For example, in his supplemental sentencing memorandum submitted pro se, he asserted, inter alia,
• that “[t]here is no justification or cause legally for the proceeding”;
• that the United States had “no jurisdiction” to try him;
• that the jury’s verdict of guilt “was obtained through conspired fraud, misrepresentation,” and “perjury”; and
• that “the[] whole case” was “unsubstantiated garbage.”
*197 (Jenkins’ pro se sentencing memorandum at 1-3.)
The district court noted that after Jenkins “attempted to transport thousands of images and videos of child pornography into Canada and then later failed to appear for [his] Canadian trial” and was arrested in the United States, he somehow “blamed Canada.” (S.Tr. 30.) In fact, the court noted that Jenkins “has blamed everybody and everyone for his criminal activity.” (Id. at 29.) Indeed, Jenkins even blamed the children depicted in the pornographic images and videos he transported, stating that “[m]ost” of those images “are ‘web-cam’ videos, they (victims) intentionally produced and broadcast (themselves) over the internet and should be prosecuted (themselves).” (Jenkins’ pro se sentencing memorandum at 2 (emphases added).)
Given this record in which Jenkins, inter alia, disputed any justification or authority for prosecuting him, and argued that instead the children who were victims of the child pornography should have been prosecuted, the district court’s concern for the likelihood that, without a lengthy prison term, Jenkins would re-offend was not unreasonable, and I cannot conclude that the imposition of the prison term that was no higher than midway between the top and bottom of the Guidelines range “cannot be located within the range of permissible decisions.”